No. 17-1188, -1189

# United States Court of Appeals for the Federal Circuit

FLEXUSPINE, INC.

*Plaintiff-Cross-Appellant*

v.

GLOBUS MEDICAL, INC.

*Defendant-Appellant*

Appeal from United States District Court for the Eastern District of Texas
Case No.: 6:15-CV-00201, Judge Rodney Gilstrap

**PLAINTIFF-CROSS-APPELLANT FLEXUSPINE, INC.'S REPLY BRIEF**

Mark D. Strachan
mstrachan@swtriallaw.com
Darren P. Nicholson
dnicholson@swtriallaw.com
E. Sawyer Neely
sneely@swtriallaw.com
SAYLES | WERBNER
4400 Renaissance Tower
1201 Elm St.
Dallas, Texas 75270
(214) 939-8722
(214) 939-8787 fax

Jonathan T. Suder
jts@fsclaw.com
Brett M. Pinkus
bpinkus@fsclaw.com
Todd I. Blumenfeld
blumenfeld@fsclaw.com
FRIEDMAN, SUDER & COOKE
604 E. Fourth Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 fax

*Counsel for Plaintiff/Cross-Appellant Flexuspine, Inc.*

## CONFIDENTIALITY STATEMENT

Certain aspects of this appeal involve reliance on and admissibility of a license agreement between Globus and third parties. The terms of the license agreement are confidential. Globus produced the license agreement under seal in the district court subject to a protective order. This brief refers to the license agreement but does not disclose confidential information.

## TABLE OF CONTENTS


Confidentiality Statement ....................................................................... i

Summary of the Argument ....................................................................... 1

Argument ....................................................................... 2

I. The District Court Erred in Granting Summary Judgment of Non-Infringement of Claim 17 of the '810 Patent ....................................................................... 2

A. The expansion member moves obliquely to the upper and lower bodies ....................................................................... 2

B. Invalidity is not an issue in this appeal ....................................................................... 8

1. Indefiniteness ....................................................................... 9

2. Anticipation ....................................................................... 10

II. The Court Erred in Excluding References to the Synthes Litigation ....................................................................... 13

A. Globus disputes only the conclusions ....................................................................... 13

B. Globus does not dispute legal precedent ....................................................................... 14

C. Globus does not dispute the Synthes verdict, judgment, and license agreement ....................................................................... 15

D. Globus does not dispute its product statements ....................................................................... 15

E. Globus disputes only conclusions ....................................................................... 16

Conclusion ....................................................................... 17

Certificate of Service ....................................................................... 18

Certificate of Compliance ....................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Ericsson v. D-Link Systems, Inc.*,
773 F.3d 1201 (Fed. Cir. 2014) .......... 14

*Finjan, Inc. v. Secure Computing Corp.*,
626 F.3d 1197 (Fed. Cir. 2010) .......... 14

*Hanson v. Alpine Valley Ski Area, Inc.*,
718 F.2d 1075 (Fed. Cir. 1983) .......... 14

*i4i Ltd. v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010) .......... 17

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012) .......... 14

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
No. 2016-1456, 2017 WL 877221 .......... 14

*Radio Sys. Corp. v. Lalor*,
709 F.3d 1124 (Fed. Cir. 2013) .......... 9

*ResQNet.com, Inc. v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010) .......... 14

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
862 F.2d 1564 (Fed. Cir. 1988) .......... 14

*Summit 6, LLC v. Samsung Elecs. Co.*,
802 F.3d 1283 (Fed. Cir. 2015) .......... 14

*TypeRight Keyboard Corp. v. Microsoft Corp.*,
374 F.3d 1151 (Fed. Cir. 2004) .......... 9

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011) .......... 14

*Virnetx, Inc. v. Cisco Sys., Inc.*,
767 F.3d 1308 (Fed. Cir. 2014) .......... 16

*Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*,
609 F.3d 1308 (Fed. Cir. 2010) .......... 15

**STATUTES**

35 U.S.C. § 112 .......... 7

## SUMMARY OF THE ARGUMENT

The District Court erred in granting summary judgment of noninfringement of the ‘810 patent based on a misunderstanding of oblique movement. All movement, including oblique movement as claimed in the ‘810 Patent, is relative to a reference frame. The ‘810 Patent states that the reference frames for oblique movement of the elongated body are points on the surface of upper and lower bodies of the implant. These reference frames are acknoweldged in the parties’ agreement to the plain and ordinary meaning of the term “oblique.” Applying the Patent’s specified reference frames compels the conclusion that in moving along the oblique ramps of the implant, the elogated body moves obilquely to points on the surface of the upper and lower body.

In determining a reasonable royalty for infringement of the Flexuspine spinal fusion implant patents, the jury verdict, judgment, and subsequent license agreement from litigation asserted by Depuy-Synthes against Globus’ spinal fusion products is highly relevant. Globus does not dispute the underlying law, facts, or methodology. Further, Globus did not dispute that Flexuspine’s expert considered technical and economic differences and adjusted the royalty rate for those factors. Globus only disputes the conclusions drawn by Flexuspine’s expert. Resolution of that dispute is the province of the jury.

## <u>ARGUMENT</u>

### I. The District Court Erred in Granting Summary Judgment of Non-Infringement of Claim 17 of the '810 Patent

#### A. The expansion member moves obliquely to the upper and lower bodies

Throughout its reply brief, Globus references words such as "motion," "moving," and "move." The meaning of these and related words can only be determined by applying the unassailable principal that "all motions are relative to some frame of reference." However, to avoid this reality, Globus rejects the principal of relative movement, and says that this Court "should not adopt Flexuspine's 'relative' view of the world." (Globus Response 21). Globus' asserts this because, it says:

- Relative motion is not in the real world (Globus Response 8, 25);
- Relative motion is in an alternative world (Globus Response 8);
- Relative motion is mental gymnastics (Globus Response 29);
- A relative world is divorced from the real life operations of the devices (Globus Response 32);
- Relative motion has been conjured up by Flexuspine (Globus Response 32);
- Relative motion has been ginned up by Flexuspine (Globus Response 33);

- Relative motion is sleight of hand (Globus Response 34); and
- Flexuspine has contrived a frame of reference (Globus Response 38).

Globus's position disregards 400 years of scientific history starting with Galilean Relativity, and is simply wrong. Flexuspine did not create a fundamental principal of science. There is no preferred or absolute reference frame. All motions are relative to specified reference frames, and all such frames are equally valid.

Claim 17 of the '810 Patent describes movement relative to two <u>different</u> frames of reference – in one case, a substantially linear horizontal path <u>between</u> the upper and lower bodies, and the other, a path that is oblique relative to specified portions of the surface of each of the upper and lower bodies. Globus has conceded that the expansion member moves in a linear horizontal path <u>between</u> the upper and lower bodies. Flexuspine has shown that such path is also oblique relative to portions of the surface of each of the upper and lower body. Flexuspine has shown repeatedly that the expansion member ***<u>actually moves along</u>*** these paths in the two frames of reference specified by Claim 17. The expansion member does not merely end up at a point that is at an angle to where it began as Globus insinuates, an argument which highlights the very fallacy of both Globus's position taken in its brief and the district court in its ruling.

Because all movement must be relative to some frame of reference, all that is required is to determine the reference frame specified in Claim 17 for the oblique

movement. By insisting that the expansion member only 'moves' horizontally, without specifying a frame of reference, Globus hopes this Court will make the same mistake as did the district court in assuming the reference frame for analyzing **all** motions within the device is a frame fixed to the cage of the Caliber. Such a view clearly contradicts the language of the Claim 17 (and the parties' agreed construction) which expressly states that the movement of the expansion member is "at least partially oblique ***to*** at least ***a portion of the inferior surface of the upper body*** and at least ***a portion of the superior surface of the lower body***." The word "to" means "relative to," and thus specifies the reference frame. Accordingly, this motion is not to be analyzed with respect to the cage of the Caliber, as Globus repeatedly insists, but rather relative to points on the surfaces of each of the upper and lower bodies.

This understanding is confirmed by the parties' claim construction agreement that: (1) the expansion member's movement must be oblique (in a slanting or sloping direction) ***to*** the surfaces of the upper and lower bodies, and (2) the first angled portion and the flat surfaces of the expansion member must move obliquely ***with respect to*** the same portion of the surface of the upper and lower bodies.

Flexuspine's opening brief explained this relative motion contemplated by Claim 17 in detail. The diagram below that is reproduced from Flexuspine's opening brief (and also referenced by Globus in its reply brief), visually depicts this oblique

movement relative to points on the inferior surface of the upper body and the superior surface of the lower body.




As the diagram shows, the expansion member moves substantially linearly in a horizontal direction to the right relative to a point fixed between the upper and lower bodies, and this results in the upper and lower bodies expanding vertically. Globus clearly admits infringing those limitations of Claim 17. However, Globus seems to think other relative motions are ruled out by this. But that is precisely the mistake corrected by 400 years of relativity. There is no preferred or absolute reference frame. All motions are relative to specified reference frames and all such frames are equally valid. Claim 17 clearly specifies a second set of reference frames fixed to each of the upper and lower bodies for determining the "oblique" motion. If an observer stands on the red dot on the lower body and looks at the red dot on the expansion member, the red dot on the expansion member will be observed to move up and to the right in the

direction of the green arrow as it rides along the inclined ramp on the insert. This path of movement is the notorious "hypothetical hypotenuse' which the magistrate judge acknowledged was the path followed by the expansion member in this reference frame. This is exactly what occurs in the real world. The expansion member does not move solely to the right and solely vertically in only one preferred and absolute reference frame. Rather, it moves obliquely along the angle of the inclined ramp relative to the point identified on the lower surface. Despite Globus' obfuscation, this should be completely obvious because it is physically impossible for an object to move up an inclined ramp without moving at an incline in some reference frame.

The expansion member of the Caliber and Caliber-L exhibit the exact same paths of motion relative to the two frames of reference as described above. As depicted in the diagram below which is reproduced from Flexuspine's opening brief, the Caliber's expansion member moves substantially linearly in a horizontal direction (this time to the left) between the upper and lower bodies, which causes the resultant vertical expansion of the upper and lower bodies. And just as described above, the expansion member moves obliquely along the path of the green arrows with respect to a point of reference on the lower body as it slides along the inclined ramps. Similarly, the expansion member moves downward and to the right relative to the upper body along the path indicated by the second green arrow. Furthermore, the diagram makes

clear the expansion member will move relative to "the same portion" (*i.e.*, point of reference) of the upper and lower body.




Globus seeks to distract the Court with contradictory and irrelevant statements. For example, with one breath, Globus contends that the term "oblique" is capable of construction, as agreed by the parties and the trial court. Appx859. With the next breath, Globus asserts that the term "oblique" cannot be construed, invoking the PTAB's denial of the petition to review Claim 17 of the '810 Patent. Globus asserts that PTAB found that Claim 17 was indefinite (Globus Reply 22) when it did not, ignoring that 35 USC §112 issues such as indefiniteness are beyond the purview of an IPR. As another example, Globus suggest Dinsdale invalidates Claim 17 even though

Globus never asserted Dinsdale as invalidating prior art.[1] Going further off the path, Globus raises arguments about patents that have nothing to do with the ‘810 Patent or any other issue before the Court. These arguments are irrelevant because the only issue before the Court is whether Flexuspine raised a fact question as to whether a portion of the expansion member of the Caliber moves obliquely to a portion of the upper and lower bodies.

There is, at a minimum, a genuine issue of material fact as to whether the movement of the expansion member is "substantially linear" between the bodies, and that portions of the expansion member move "at least partially oblique" relative to the portions of both the inferior surface of the upper body and a portion of the superior surface of the lower body.

**B. Invalidity is not an issue in this appeal**

Globus asserts that this Court can affirm the summary judgment of noninfringement because Claim 17 of the ‘810 Patent is invalid as a matter of law. Globus Reply and Response 21. However, invalidity of the ‘810 Patent is not before this Court. With regard to indefiniteness, there is no decision to appeal. Globus agreed to a construction of "oblique," thereby abandoning any position that the Claim 17 was indefinite. Furthermore, there was no motion for judgment of

---

[1] Had Globus asserted Dinsdale as invalidating prior art, Flexuspine would have certainly refuted that assertion. Dinsdale does not invalidate Claim 17; however, as noted, that issue is not before the Court.

invalidity based on indefiniteness nor any ruling on indefiniteness. With regard to anticipation, the trial court denied Globus's motion for summary judgment of invalidity (Appx2920), and Globus has not appealed that ruling.

Since Globus has not appealed the denial of its invalidity summary judgment, Globus cannot raise invalidity as the basis for affirming the summary judgment of noninfringement. *Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1132 (Fed. Cir. 2013). In *Radio Sys. Corp. v. Lalor*, the defendant argued that invalidity is an alternative ground for affirming a judgment of non-infringement even though the trial court denied a motion for judgment of invalidity. The Court noted that invalidity is a broader relief than noninfringement. This Court held that absent the defendant bringing an appeal of the denial of the invalidity motion, "invalidity cannot be an alternative ground for affirming a judgment of noninfringement." *Id* (Quoting *TypeRight Keyboard Corp. v. Microsoft Corp.,* 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("In that situation [where the appellee urges invalidity as a ground on which to support a judgment of noninfringement] a cross appeal is necessary since a judgment of invalidity is broader than a judgment of noninfringement."

**1. Indefiniteness**

Globus's statements regarding indefiniteness are wrong. Flexuspine and Globus agreed that the term "oblique" as used in Claim 17 of the '810 Patent did not require construction. Appx894. In its objection to the magistrate's claim

construction, Globus did not mention "oblique" or even the '810 Patent. Appx896-902. Nor did Globus request any jury question nor Rule 56 judgment on invalidity of the '810 Patent. In short, Globus did not ask the trial court to do anything regarding indefiniteness, and Globus cannot now complain about something that Globus never asked of the trial court.

Addressing indefiniteness for completeness of this Reply, Flexuspine certainly never agreed to anything to avoid an indefiniteness position. Flexuspine always maintained that "oblique" should be given its plan and ordinary meaning, a position adopted by the trial court. When Globus finally proffered an understanding of the plain and ordinary meaning of "oblique," Flexuspine agreed because that was the position that Flexuspine had taken for months. Flexuspine has never shied from the understanding, and certainly does not seek to do so here. Globus does not infringe because of some "contrived" revision of the construction of the term "oblique." Rather, Globus infringes because the expansion member moves obliquely precisely according to the plain and ordinary meaning of the word as confirmed by agreement between the parties. There is no indefiniteness position asserted or preserved for this Court to consider.

### 2. Anticipation

Globus filed a motion for summary judgment asserting that Claim 17 of the '810 Patent was anticipated by Lim. Appx2919. Globus did not assert any other

reference. The magistrate judge recommended that Globus's motion for summary judgment of invalidity be denied. Appx2920. Globus did not object to the magistrate's recommendation. Appx3069. As noted by the trial court, Globus withdrew submission of a jury question on invalidity of the '810 Patent. Appx2. Globus has not appealed the denial of its motion for summary judgment of invalidity, nor did Globus complain in its Rule 56 motions about any matter related to the '810 Patent. Globus has not laid before this Court any ruling to reconsider the question of validity of the '810 Patent. As noted above, Globus cannot circumvent the rules by suggesting this Court consider an invalidity defense it lost (but did not appeal) as an alternative basis for affirming a summary judgment of noninfringement.

Furthermore, even if the Court were to indulge Globus's request to consider invalidity, Globus still loses because Lim does not anticipate Claim 17 of the '810 Patent. The expansion member of Lim does not move partially oblique "to" the lower body. There is no ramped surface between the expansion member and the lower body. Accordingly, the expansion member does not ride up as it moves forward. Keep in mind that Globus agreed that the plain and ordinary meaning of Claim 17 required:

1. The expansion member's movement must be oblique (in a slanting or sloping direction) **<u>to</u>** the surfaces of the upper **<u>and</u>** lower bodies; and

2. Both the "first angled portion" and flat surfaces of the expansion member must move obliquely **<u>with respect to</u>** the same portion of the surface of the upper **<u>and</u>** lower bodies.

Lim discloses an implant that is positioned between adjacent vertebrae. As shown in Fig. 4 of Lim reproduced below, the spacer (10) includes a first member (20), a second member (30), and third member (40) positioned in between the first and second members (20, 30). Appx. 1372.



FIG. 4

The expansion member (third member) has a flat bottom corresponding to a flat top surface of the lower body (second member). In the absence of a ramp, as the expansion member advances along the lower body, it does not move up relative to the lower body. ***There is no vertical movement of any kind of the third member (40) relative to the second member (30), thus there cannot be any oblique movement.*** As such, Lim does not disclose or suggest that any portion of the "expansion member" is

advanced "at least partially oblique to … at least a portion of the superior surface of the lower body," as required in Claim 17.

Contrast the Lim movement with the Claim 17 of the '810 movement in which the expansion member moves obliquely to ***both*** the lower and upper body.




## II. The Court Erred in Excluding References to the Synthes Litigation

### A. Globus disputes only the conclusions

The district court erroneously excluded evidence and reliance on a verdict, judgment, and licensing agreement between Globus and Synthes. In defending the district court's error, Globus does not dispute any of Flexuspine's recitation of legal precedence, Globus's own statements about the accused product, or Dr. Becker's methodology in evaluating the Synthes litigation and agreement. In fact,

Globus only disputes what conclusions the jury might reach from Globus's statements in applying the precedents of this Court.

### B. Globus does not dispute legal precedent

"The most reliable license may very well arise out of litigation." Flexsupine Opening Br. 46. Flexuspine opened its discussion of the Synthes litigation and license agreement with this statement citing *ResQNet.com, Inc. v. Lansa, Inc.,* 594 F.3d 860, 872 (Fed. Cir. 2010). Globus does not challenge that statement or challenge the proposition that litigation related agreements may be admissible in a later patent suit involving the value of the patented technology. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77–78 (Fed. Cir. 2012); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872–73 (Fed. Cir. 2010); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1572 (Fed. Cir. 1988); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079 (Fed. Cir. 1983). "A "party may use the royalty rate from sufficiently comparable licenses.'" *Prism Techs. LLC v. Sprint Spectrum L.P.*, No. 2016-1456, 2017 WL 877221, at *6 (quoting *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015)). *See also Ericsson v. D-Link Systems, Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1316–18 (Fed. Cir. 2011); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211–12 (Fed. Cir. 2010);

*Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1318–22 (Fed. Cir. 2010).

### C. Globus does not dispute the Synthes verdict, judgment, and license agreement

Globus does not dispute the recitation of the underlying litigation brought by DePuy-Synthes Products, LLC against Globus Medical, Inc. for patent infringement by three Globus spinal implant products. Globus does not deny that a jury found a reasonable royalty rate based on the hypothetical negotiation would be 15%, that the trial judge found an reasonable ongoing royalty rate would be 18%, and that the parties subsequently entered into a license agreement with a reasonable royalty. Finally, Globus does not deny that in a subsequent case, Globus took the position that the Synthes litigation was the benchmark for determining a reasonable royalty for spinal fusion implants patents.

### D. Globus does not dispute its product statements

Globus does not dispute that it represented to the FDA that the Caliber was "substantially equivalent" to the products in the Synthes litigation. Globus does not dispute that the FDA accorded the Caliber the same classification as the products in the Synthes litigation based on Globus's statements. Globus does not dispute that the Flexuspine patents in the Synthes litigation patents are accorded the same classification by the Patent and Trademark office. Globus does not dispute that the time of the hypothetical negotiation in the Synthes litigation was within one month

of the time of the hypothetical negotiation in the instant case. Globus does not dispute that Dr. Becker considered every distinguishing factor cited by Globus in its Reply Brief, and adjusted the royalty rate to 10% in the instant case to take into account economic and technological differences. In other words, Globus does not dispute the law, the facts, or Dr. Becker's methodology.

### E. Globus disputes only conclusions

Globus's dispute is with Dr. Becker's conclusions. The maxim quoted before by Flexuspine bears repeating. The best test of comparability is vigorous cross-examination. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330-31 (Fed. Cir. 2014). Globus's Response is an outline for its cross-examination of Dr. Becker. If the Synthes and Flexuspine litigation are so strikingly different, why was Globus afraid to put that question to the jury? Because evidence that a jury conducted the same analysis which the Flexuspine jury would be asked to perform would be very relevant and powerful evidence, especially after Globus deemed it to be the benchmark for spinal patent royalty analysis. Evidence that Globus entered a license agreement for those patents would likewise be very powerful. While Globus may disagree with Dr. Becker as how much adjustment is warranted by the differences between the technologies and economic circumstances in Synthes and Flexuspine, "[t]he jury was entitled to hear the expert testimony and

decide for itself what to accept or reject." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831 (Fed. Cir. 2010).

## CONCLUSION

For the foregoing reasons, Flexuspine respectfully requests that the Court affirm the district court's decision regarding the jury verdict. Flexuspine further requests that the Court reverse the district court's summary judgment of noninfringement of the '810 Patent, and exclusion of references to the Synthes litigation and license agreement, and remand the case to the district court for trial of Flexuspine's claim for infringement of the '810 Patent with admission of references to the Synthes litigation and license agreement.

Dated May 26, 2017

Respectfully submitted,

*/s/ Mark D. Strachan*

Mark D. Strachan
State Bar No. 19351500
Darren P. Nicholson
State Bar No. 24032789
SAYLES | WERBNER, P.C.
1201 Elm Street, Suite 4400
Dallas, Texas 75270
(214) 939-8700 – Telephone
(214) 939-8787 – Facsimile
mstrachan@swtriallaw.com
dnicholson@swtriallaw.com

Jonathan T. Suder
State Bar No. 19463350
Todd I. Blumenfeld
State Bar No. 24067518
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400 - Telephone
(817) 334-0401 - Facsimile
jts@fsclaw.com
blumenfeld@fsclaw.com

ATTORNEYS FOR PLAINTIFF-CROSS-APPELLANT FLEXUSPINE, INC.

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25 and Fed. Cir. R. 25, I certify that I have this day filed and served the foregoing document upon all counsel of record via the court's CM/ECF system.

Dated: May 26, 2017 /s/ *Mark D. Strachan*

## CERTIFICATE OF COMPLIANCE

Counsel for Plaintiff/Cross-Appellant Flexuspine, Inc. certifies that:

In accordance with Federal Rule of Appellate Procedure 32(a)(7)(C), the undersigned certifies that this brief complies with the type-volume limitations in Rule 28.1(b)(2). Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b), this brief contains 3,576 words (including footnotes). This certificate was prepared in reliance on the word count of the word-processing system (Word 2013) used to prepare this brief.

The undersigned further certifies that this brief complies with the typeface and type style requirement of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Word 2013 in 14-point Times New Roman font.

The undersigned further certifies that this brief complies with the confidentiality requirement of Federal Rule of Appellate Procedure 28(d) in that it contains no words (including numbers) marked as confidential.

Dated: May 26, 2017 /s/ *Mark D. Strachan*